IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02890-KLM

STACY MARIE HESTON,

    Plaintiff,

v.

FIRSTBANK OF COLORADO,
KRIS SHURTLEFF,
TRUDY HALL,
LAVONNE HEAVILAND, and
MELISSA MORROW,

    Defendants.
_____

## ORDER
_____

This matter is before the Court on Defendant Kris Shurtleff's ("Shurtleff") **Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** [#16][1] (the "Shurtleff Motion"); and on Defendants Trudy Hall ("Hall"), Lavonne Heaviland ("Heaviland"), and Melissa Morrow's ("Morrow") **Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** [#26] (the "Hall Motion") (collectively, the "Motions"). Plaintiff filed Responses [#22, #31] to the Motions [#16, #26], and Defendants filed Replies [#25, #32]. The Court has reviewed the Motions [#16, #26], the Responses [#22, #31], the Replies [#25, #32], the case file, and the applicable law, and

---

[1] [#16] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

is sufficiently advised in the premises. For the reasons set forth below, the Motions [#16, #26] are **GRANTED**.[2]

## I. Background

Plaintiff, who proceeds in this litigation as a pro se litigant,[3] initiated this lawsuit on October 10, 2019, claiming violations of the Age Discrimination in Employment Act ("ADEA") and the Family Medical Leave Act ("FMLA"). *Compl.* [#1] at 1-2. Plaintiff is forty-three years old and a former employee of Defendant FirstBank of Colorado ("FirstBank"). *Id.* at 6. In addition to Defendant FirstBank, Plaintiff sues several FirstBank employees, i.e., Defendants Shurtleff, Hall, Heaviland, and Morrow, in their individual capacities. *Id.* at 1.

Plaintiff alleges that she was discriminated against due to her age. *Id.* at 6. On April 27, 2018, she filed a complaint with Defendant FirstBank's human resources department and, on April 30, 2018, the next business day, she was given written discipline.[4] *Id.* at 7. Further, Plaintiff alleges that she was placed on intermittent medical leave under the FMLA from June 2018 to August 2018. *Id.* at 8. Plaintiff alleges that

---

[2] This case has been referred to the undersigned for all purposes pursuant to D.C.COLO.LCivR 40.1(c) and 28 U.S.C. § 636(c), on consent of the parties. *See* [#28, #29].

[3] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In doing so, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). In addition, a pro se litigant must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[4] Plaintiff states at one point that she was fired on April 30, 2018, and elsewhere that she was fired on August 31, 2018. *Compl.* [#1] at 6-7. However, she also states that she received written discipline on April 30, 2018, and she describes work-related events which occurred between April 30, 2018, and August 31, 2018. *Id.* at 6-9. Thus, it appears from the full context of the Complaint [#1] that her statement that she was fired on April 30, 2018, was merely an unintentional drafting error when Plaintiff wrote her Complaint [#1].

during that time she was disciplined "for items that had timed-out while [she] was out on FMLA." *Id.* Plaintiff also alleges that she was retaliated against and wrongfully terminated on August 31, 2018, after going on medical leave pursuant to the FMLA. *Id.* at 8.

## II. Legal Standard

A motion to dismiss "tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555).

To begin, courts must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002). However, conclusory allegations are not entitled to this assumption of truth. *Iqbal*, 556 U.S. at 681. To deny a motion to dismiss, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Twombly*, 550 U.S. at 570).

## III. Analysis

At the outset, the Court notes that a Rule 12(b)(6) motion to dismiss limits the Court to considering only the allegations contained within the "four corners of the complaint." *Mobley*, 40 F.3d at 340.  Thus, the Court may not consider Plaintiff's additional allegations provided in her Responses [#22, #31].  *See id.*

**A.    ADEA**

The ADEA prohibits employers from discriminating against employees on the basis of age.  29 U.S.C. § 623 (2020).  Specifically, the ADEA provides that "[i]t shall be unlawful for an employer. . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . . ."  *Id.* § 623(a)(1).  Defendants argue that, "[b]ecause the best understanding of the ADEA and relevant case law is that there is no individual liability for those who do not meet the definition of 'employer,' the claims in Plaintiff's Complaint alleging discrimination and retaliation under the ADEA" must be dismissed as to the four individual Defendants.  *Shurtleff Motion* [#16] at 3; *see also Hall Motion* [#26] at 3.  In response, Plaintiff does not directly address whether the ADEA imposes individual liability on Defendants.  *See generally Responses* [#22, #31].  Rather, she merely includes additional allegations which she asserts supports her ADEA claims against Defendants.  *See generally id.*

The Tenth Circuit has not yet directly addressed the issue of whether an individual can be considered an "employer" under the ADEA.  However, like Title VII, the ADEA defines "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ."  29 U.S.C. § 630(b); *see also* 42 U.S.C. §

2000e(b) (2020) ("The term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ."). The Tenth Circuit Court of Appeals has held that, under Title VII, relief may only be obtained from the employer, not individual employees. *Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996). Further, other Circuit Courts of Appeal have reached the same conclusion when addressing the question of individual liability under the ADEA, i.e., that relief may only be obtained from the employer, not from individual employees. *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 511 (4th Cir. 1994); *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) *cert. denied sub nom Miller v. La Rosa*, 510 U.S. 1109 (1994). Finally, other courts within the District of Colorado have held that "claims against the individual defendants must be dismissed insofar as they are alleged under Title VII, *the ADEA* and the ADA," because "supervisors are not 'employers' for purpose of the application of those statutes." *See, e.g.*, *Pinkard v. Lozano*, No. 06-cv-02523-PSF-BNB, 2007 WL 4116019, at *2 (D. Colo. Nov. 16, 2007) (citing *Haynes*, 88 F.3d at 899) (emphasis added); *see also Butler v. City of Prairie Village, Kansas*, 172 F.3d 736, 744 (10th Cir. 1999) (noting that the definitions of "employer" under the ADEA, Title VII, and the ADA are materially similar regarding the issue of individual supervisor liability).

Based on this precedent, the Court finds that the ADEA does not impose liability on individual Defendants. *See, e.g.*, *Kelly v. K12 Inc.*, No. 6:17-cv-00453-RAW, 2020 WL 3889024, at *1 (E.D. Okla. July 10, 2020) (holding the same). Plaintiff alleges that Defendants Shurtleff, Hall, Heaviland, and Morrow violated the ADEA and attempts to

sue them individually. *Compl.* [#1] at 2-3. The Court finds no reason to depart from established law that "supervisors are not 'employers' for purpose of the application" of the ADEA. *Pinkard*, 2007 WL 4116019, at *2.

Accordingly, the Motions [#16, #26] are **granted** to the extent that Plaintiff's ADEA claim against Defendants Shurtleff, Hall, Heaviland, and Morrow is **dismissed with prejudice**. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

**B.    FMLA**

The FMLA, 29 U.S.C. §§ 2601-2654, provides that eligible employees of certain employers have the right to take unpaid leave for a period of up to twelve work weeks in any twelve-month period for a serious health condition. *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 959 (10th Cir. 2002). In addition to these prescriptive rights, the FMLA makes it unlawful for an employer to retaliate against an employee for exercising her rights under the FMLA. *Khalik*, 671 F.3d at 1193; *see also* 29 U.S.C. § 2615(b) (2020).

Here, Defendants argue that Plaintiff does not allege sufficient facts to impose individual liability on Defendants Shurtleff, Hall, Heaviland, or Morrow with respect to her FMLA claim. *Motions* [#16, #26] at 4. Defendants acknowledge that the FMLA defines "employer" more broadly than the ADEA and allows individual liability in "very limited circumstances." *Id.* Defendants aver that for an individual to be considered an "employer" under the FMLA, she must possess "supervisory authority over the complaining employee, or control in some way the plaintiff's ability to take a leave of absence and

return to work." *Id.* (quoting *Salemi v. Colo. Pub. Emps.' Ret. Ass'n*, 176 F. Supp. 3d 1132, 1155 (D. Colo. 2016)). Defendants further argue that courts have been persuaded by federal regulations that provide that "[a]s under the [Fair Labor Standards Act], individuals *such as corporate officers* 'acting in the interest of an employer' [may be] individually liable for any violations of the requirements of FMLA." *Id.* (citing 29 C.F.R. § 825.104 (2020)). Defendants argue that the Complaint [#1] does not allege sufficient facts to show that Defendants Shurtleff, Hall, Heaviland, or Morrow are "employers" under the FMLA and thus they may not be held individually liable. *Shurtleff Motion* [#16] at 5-6; *Hall Motion* [#26] at 6.

In response, Plaintiff states that the "FMLA allows for individual liability in limited circumstances, including a person who acts directly or indirectly, in the interest of an employer to any of the employees of such employer." *Response* [#22] ¶ 7; *Response* [#31] ¶ 4. Plaintiff then asserts additional factual allegations intended to bolster her FMLA claim. *See generally Responses* [#22, #31].

Like the ADEA, "[t]he Tenth Circuit has yet to decide whether individual liability can be imposed under the FMLA, but courts in other jurisdictions have found individuals liable under the FMLA." *Salemi*, 176 F. Supp. 3d at 1154 (citing *Mitchell v. Chapman*, 343 F.3d 811, 827 (6th Cir. 2003); *Darby v. Bratch*, 287 F.3d 673, 680-81 (8th Cir. 2002); *Wascura v. Carver*, 169 F.3d 683, 685-86 (11th Cir. 1999)). Further, "courts within the Tenth Circuit have found individual liability under the FMLA." *Salemi*, 176 F. Supp. 3d at 1155 (citing *Saavedra v. Lowe's Home Ctrs., Inc.*, 748 F. Supp. 2d 1273, 1284 (D.N.M. 2010); *Pederson v. W. Petrol., Inc.*, No. 2:07-CV-997 TS, 2008 WL 977370, at *3 (D. Utah Apr.

9, 2008); *Pinkard*, 2007 WL 4116019, at *2; *Williamson v. Deluxe Fin. Servs.*, Inc., No. 03-2538-KHV, 2005 WL 1593603, at *9 (D. Kan. July 6, 2005)).

The term "employer" in the FMLA includes "any person who acts, directly or indirectly, in the interest of the employer."  29 U.S.C § 2611(4)(A)(ii)(I) (2020).  For an individual to fall within the definition of "employer," the "individual must have supervisory authority over the complaining employee, or control in some way the plaintiff's ability to take a leave of absence and return to work."  *Palmer v. Kaiser Found. Hosp. Tech. Risk Office*, No. 16-cv-02376-WJM-KMT, 2017 WL 8894647, at *3 (D. Colo. June 12, 2017) (citing *Pinkard*, 2007 WL 4116019, at *2) (citation omitted).  Further, in addition to supervisory responsibility over the complaining employee, the individual must possess "corporate responsibilities" beyond her role as a supervisor.  29 C.F.R. § 825.104(d)) ("As under the FLSA, individuals such as corporate officers 'acting in the interest of an employer' are individually liable for any violation of the requirements of FMLA."); *Palmer*, 2017 WL 8894647, at *4 (finding that allegations related to potential corporate officers were insufficient to establish FMLA "employer" status because the plaintiff failed to allege that the officers were involved in the decision-making process pertaining to the plaintiff's leave); *Stuart v. Regis Corp.*, No. 1:05CV00016DAK, 2006 WL 1889970, at *6 (D. Utah July 10, 2006) ("Individuals who have no corporate role beyond a managerial position are not employers under the FMLA."); *Mondaine v. Am. Drug Stores, Inc.*, 408 F. Supp. 2d 1169, 1186 (D. Kan. 2006) (holding that individuals who have no corporate role beyond a managerial position are not employers under the FMLA); *Williamson*, 2005 WL 1593603, at *9 (finding that a supervisor and a human resources manager did not have sufficient responsibility or stature within the company to warrant imposition of personal

liability under the FMLA).  Thus, it is clear that the FMLA has been construed to impose individual liability on owners and officers, not mere supervisory employees.

By way of example, in *Salemi v. Colorado Public Employees' Retirement Association*, the Court analyzed whether the plaintiff's direct supervisor could be considered an "employer" under the FMLA, and thus held individually liable.  176 F. Supp. 3d at 1155-56.  The supervisor led the Alternative Investments ("AI") department as AI Director, and reported to the Chief Investment Officer ("CIO").  *Id.* at 1155.  The CIO reported to the "Chief Executive Officer/Executive Director."  *Id.* at 1156.  The Court held that, despite the supervisor's responsibility of leading the department, "there is no support for the idea, that [the supervisor] had any corporate responsibilities beyond his supervisory role over his department."  *Id.*  Further, the Court addressed whether the Benefits Director Senior Trainer ("Senior Trainer"), who never supervised the plaintiff, could be considered an "employer" under the FMLA.  *Id.* at 1155.  However, because the Senior Trainer never supervised the plaintiff, the Court did not address whether the individual possessed "corporate responsibilities," and found that the Senior Trainer "cannot be held liable for any FMLA retaliation claims that Plaintiff asserts."  *See id.*

Turning to the Court's analysis, for the following reasons, Plaintiff fails to allege that any of the individually named Defendants supervised her or possessed sufficient responsibility within FirstBank to impose liability under the FMLA.  First, Plaintiff failed to allege *any* facts relating to Defendant Heaviland beyond naming her as a party to this lawsuit.  *See generally Compl.* [#1].  Defendant Morrow appears in the Complaint [#1], but only as having received a "carbon copy" of the Equal Employment Opportunity Commission's "Dismissal and Notice of Rights" sent to Plaintiff.  *Id.* at 11.  The allegations,

or lack thereof, fail to provide any indication that Defendants Heaviland or Morrow supervised Plaintiff or controlled her ability to take leave.  *Salemi*, 176 F. Supp. 3d at 1154-55.  Accordingly, the Court finds that Plaintiff fails to state a FMLA claim against Defendant Heaviland or Defendant Morrow in the absence of allegations which demonstrate that either can be held individually liable under the FMLA.

Second, Plaintiff does not directly allege that Defendant Hall supervised her. *See generally Compl.* [#1].  However, Plaintiff alleges that she had "supervisors," and then proceeds to allege that Defendants Shurtleff and Hall requested her email and voicemail passwords and did not "offer any kind of accommodations that would help [her] to succeed at [her] job., while still being able to take the time off that [she] needed for [her] medical condition." *Id.* at 8.  Specifically, Plaintiff sought accommodations in the form of additional time to get caught up after multiple FMLA absences and an "alternative position."  *Id.* at 8.  Construing the Complaint [#1] liberally, Plaintiff sufficiently alleges that Defendant Hall supervised her.  *See Haines*, 404 U.S. at 520-21.  However, these allegations, standing alone, fail to show that Defendant Hall possessed "corporate responsibilities" beyond a supervisory role.  *Salemi*, 176 F. Supp. 3d at 1155-56.  Thus, the Court finds that Plaintiff fails to state a claim that Defendant Hall may be held liable under the FMLA.

Finally, Plaintiff alleges that Defendant Shurtleff held the title of "Debit Card Dispute Supervisor" and supervised Plaintiff and three other employees.  *Compl.* [#1] at 5.  Plaintiff alleges that Defendant Shurtleff requested email and voicemail passwords. *Id.* at 8.  Further, Plaintiff alleges that Defendant Shurtleff did not offer her an "alternative position" and did not grant additional time to get caught up after multiple FMLA absences. *Id.*  However, Plaintiff does not allege any facts showing that "corporate responsibilities"

were held by Defendant Shurtleff beyond her supervisory role. *See generally id.* To the contrary, Plaintiff alleges that "after explaining [her future goals] to [Defendant Shurtleff], [Defendant Shurtleff] said that she would talk to the supervisors above her and let them know what type of position [Plaintiff was] interested in, in case they implemented a new position." *Id.* at 7. Further, "[Plaintiff] went to the top of [the] department, Kelly Kaminskas" to discuss the discipline she felt was unwarranted. *Id.* These allegations indicate that Defendant Shurtleff is not a corporate officer of FirstBank and does not possess corporate responsibilities beyond a supervisory role. Thus, based on the allegations in the Complaint [#1], it is clear that Defendant Shurtleff does not possess the stature within FirstBank necessary to be held liable under the FMLA. *Palmer*, 2017 WL 8894647, at *4.

Accordingly, the Motions [#16, #26] are **granted** to the extent that the FMLA claim against Defendants Shurtleff, Hall, Heaviland, and Morrow is **dismissed without prejudice**. *See, e.g.*, *Preece v. Cooke*, No. 13-cv-03265-REB-KLM, 2014 WL 6440406, at *1 (D. Colo. Nov. 17, 2014) (stating that "[a] dismissal under Rule 12(b)(6) is a determination on the merits . . . and presumptively is entered with prejudice," but that a case presenting "a scenario in which. . . [the plaintiff] might be able to replead to state a viable claim if the facts were made clearer or expanded in some way" may be a candidate for dismissal without prejudice).

### IV.  Conclusion

For the reasons set forth above,

IT IS HEREBY **ORDERED** that the Motions [#16, #26] are **GRANTED**. Plaintiff's ADEA claim is **DISMISSED with prejudice** as to Defendants Shurtleff, Hall, Heaviland,

and Morrow.  Plaintiff's FMLA claim is **DISMISSED without prejudice** as to Defendants Shurtleff, Hall, Heaviland, and Morrow.  Accordingly, these four Defendants are **DISMISSED** from this case.

Dated: July 28, 2020

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge